## JOE COLSTON V. THE STATE.

No. 10776.   Delivered March 30, 1927.

**1.—Rape—Charge of Court—On Alibi—Erroneously Omitted.**

Where, on a trial for rape, the testimony of appellant, and of other witnesses presented the issue of an alibi, it was error for the trial court to fail to submit a charge on alibi, his omission having been excepted to in proper time by appellant.

**2.— Same — Statement of Accused — While Under Arrest — Improperly Admitted.**

Where, on a trial for rape, the state was permitted to prove that while in jail appellant made the statement that he had intercourse with prosecutrix, but that it was with her consent, this statement was erroneously admitted, and the charge of the court instructing the jury that this evidence was withdrawn did not cure the error.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction of rape, penalty twelve years in the penitentiary.

The opinion states the case.

*R. A. McAlister* of Nacogdoches, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of rape, punishment twelve years in the penitentiary.

The facts are peculiar. The prosecuting witness, a woman twenty-three years of age, said she was sleeping in a house with her father, mother, sister and her own six-year-old child. Between 3 and 4 o'clock in the morning some one began throwing sticks and rocks at the house. Presently a plank was pulled off the wall and through this opening she said appellant forced his

way into the house and began to throw glasses, jars, syrup pitchers and things at the occupants. She said her mother fainted and her father ran away. That she herself took her child and started to run to the nearest neighbor, some 150 or 200 yards away, and that appellant overtook her and choked her and threatened her, and that she then walked with him some distance off down in the woods where he had intercourse with her. Her reputation for truth and veracity and chastity was attacked by defensive testimony, but the state introduced no witnesses to support same. A witness testified that on one occasion he saw prosecutrix and another man engaged in an act of intercourse. Prosecutrix said she told a gentleman where appellant assaulted her, and that he went to the place and saw it, but the state did not see fit to introduce him as a witness. Prosecutrix testified that some parties nailed up the house where appellant tore the hole, but said parties were not put on as witnesses. Prosecutrix said she was out in the woods, apparently with appellant about an hour and a half, then went to one Gregory's. Gregory and his son were used as defense witnesses and testified that when she came to their house she asked for a pinch of snuff, and they asked her what was the matter down at her house during the night and she said there were some people there whom she did not know. She made no complaint to them of any outrage.

Prosecutrix testified that the occurrence took place between 3 and 4 o'clock in the morning. A witness testified that she told him that it occurred about that time. Appellant testified denying being at the home of prosecutrix at the time of the alleged rape, but said he was at the home of one Polk where he spent the latter part of the night. Polk lived about a mile and three-quarters from the home of prosecutrix. Polk testified that appellant came to his house at 3 o'clock on the morning in question and spent the rest of the night there.

Appellant excepted to the court's charge for its failure to submit the defensive issue of alibi. Numerous authorities are cited by Mr. Branch in his Ann. P. C., on p. 29, uniformly holding it error for the court to fail to charge on alibi where the testimony raises the issue, and the attention of the court below is drawn to the matter by proper exception. We cannot say that the failure of the court in this regard was not harmful.

Appellant was asked while a witness in the case if he had not made the statement while in jail that he had intercourse with prosecutrix, but that it was with her consent. This was objected to and the objection overruled. In his charge to the jury the

court told them that this evidence was withdrawn. The question will probably not be asked upon another trial. The matter was erroneous.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*